# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30014
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

QUINTON HALL,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CR-50-1

Before DAVIS, HAYNES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Quinton Hall appeals his conviction after a jury found him guilty of (i) conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine (Count One); (ii) attempted possession with the intent to distribute five grams or more of methamphetamine (Count Two); (iii) distribution of 50 grams or more of methamphetamine (Count Three); and (iv) possession of a firearm in furtherance of a drug-trafficking crime (Count Four).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30014

On appeal, Hall first argues that the district court erred in admitting into evidence at trial various firearms that were not the firearm—a Smith & Wesson 9-millimeter pistol—subject to Count Four. Because Hall failed to raise this issue in the district court, our review is for plain error. *See United States v. Burton*, 126 F.3d 666, 671 (5th Cir. 1997). To show plain error, Hall must establish, among other things, a clear or obvious error that affected his substantial rights. *United States v. Prieto*, 801 F.3d 547, 549-50 (5th Cir. 2015). For the error to have affected Hall's substantial rights, the error must have been prejudicial, "which means that there must be a reasonable probability that the error affected the outcome of the trial." *United States v. Marcus*, 560 U.S. 258, 262 (2010).

Even assuming that Hall could satisfy his burden of establishing that the district court committed a clear or obvious error, he fails to establish that the admission of the subject firearms affected his substantial rights or affected the outcome of the trial. Hall's argument that the admission of the subject firearms confused the jury and caused it to return a guilty verdict on Count Four is unsupported by the record, given that (i) Count Four explicitly charged Hall with possession of the Smith & Wesson 9-millimeter pistol; (ii) the indictment was provided to the jury at the outset of its deliberations; and (iii) the district court gave a cautionary instruction to remind the jury that, although evidence had been admitted concerning other firearms, Count Four only charged Hall with possession of the Smith & Wesson 9-millimeter pistol. *See United States v. Garcia*, 567 F.3d 721, 728-29 (5th Cir. 2009). Because Hall cannot establish that the admission of the subject firearms "affected the outcome of the trial," *Marcus*, 560 U.S. at 262, we find no plain error.

Second, Hall argues that the district court abused its discretion when it denied his motion to sever Count Two from Counts One, Three, and Four of the

2

No. 18-30014

indictment. We review the denial of a motion to sever under Rule 14 of the Federal Rules of Criminal Procedure for abuse of discretion, and we will not grant relief "without a showing of specific and compelling prejudice which result[ed] in an unfair trial." *United States v. Ballis*, 28 F.3d 1399, 1408 (5th Cir. 1994).

Hall claims that he was prejudiced because the denial of his motion to sever inhibited his ability to present a separate defense to Count Two at trial. However, in his motion to sever, Hall made only vague assertions of prejudice and did not specify any particular defense he intended to raise or how the joinder of Count Two with the other counts inhibited him from raising that defense. Because Hall failed to explain his prejudice "with sufficient specificity" in his motion, and given our highly deferential review, we find no abuse of discretion. *See Ballis*, 28 F.3d at 1408.

Accordingly, we AFFIRM the district court's judgment.